IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> v. <br><br> AARON KAHN, <br><br> Defendant. | CASE NO. 5:25-cr-1-21 |

### ORDER AND REPORT AND RECOMMENDATION

Defendant Aaron Kahn filed a Motion for a Jackson v. Denno Hearing. Doc. 453. The Government filed a Response in Opposition. Doc. 702. Kahn also filed a Motion for Additional Peremptory Challenges. Doc. 454. The Government filed a Response in Opposition. Doc. 703. I held a hearing on Kahn's Motions on October 7, 2025. The parties presented evidence and oral argument. For the following reasons, I **GRANT** Kahn's Motion for a Jackson v. Denno hearing and **RECOMMEND** that the Court find that Mr. Kahn's statements to law enforcement officers were voluntary. I **DENY** Kahn's Motion for Additional Peremptory Challenges.

### BACKGROUND

The Government obtained an indictment against Kahn and 36 other Defendants. Kahn is charged with conspiracy to possess with intent to distribute and to distribute controlled substances, in violation of 21 U.S.C. § 846. Doc. 3. Kahn was arrested on January 30, 2025 on these charges and made statements to Federal Bureau of Investigation Task Force Officer Jacob Royal ("TFO Royal") while held in custody at the Coffee County Sheriff's Office. Doc. 702-1.

**DISCUSSION**

I.  **Defendant Kahn's Motion for <u>Jackson v. Denno</u> Hearing**

Kahn raises two issues in his Motion.  First, Kahn questions whether his custodial statements to TFO Royal were voluntary.  Doc. 453 at 2.  Second, Kahn questions whether he validly waived his <u>Miranda</u> rights.  <u>Id.</u> at 3.  At the hearing, the Government explained that, while in custody, Kahn made statements to TFO Royal.  TFO Royal then advised Kahn of his rights under <u>Miranda v. Arizona</u>, 384 U.S. 436 (1966).  Kahn then executed a signed waiver of those rights.  The Government represented that it intends to use statements made both before and after TFO Royal read Kahn his <u>Miranda</u> rights.  The issues, therefore, are whether Kahn's statements made prior to <u>Miranda</u> warnings were voluntary and whether he was then read his rights and validly waived his <u>Miranda</u> rights.

   A.   **Defendant Kahn's Statements Prior to <u>Miranda</u> Warnings Were Voluntary**

A statement given without <u>Miranda</u> warnings is not categorically barred.  "<u>Miranda</u> does not bar admission of any statement given freely and voluntarily."  <u>United States v. Manta-Carillo</u>, 491 F. App'x 125, 127 (11th Cir. 2012) (citing <u>Miranda v. Arizona</u>, 384 U.S. 478 (1966)).  "A statement is considered to be voluntarily made only if it is 'the product of an essentially free and unconstrained choice by its maker.'"  <u>United States v. Lynn</u>, 547 F. Supp. 2d 1307, 1309–10 (S.D. Ga. 2008) (quoting <u>Culombe v. Connecticut</u>, 367 U.S. 568, 602 (1961)).  Whether a statement was voluntarily given by a defendant must be examined via the totality of the circumstances.  <u>Hubbard v. Haley</u>, 317 F.3d 1245, 1252 (11th Cir. 2003).  A court must look at "both the characteristics of the accused and the details of the interrogation."  <u>Schneckloth v. Bustamonte</u>, 412 U.S. 218, 226 (1973).  Some factors courts have taken into account include the age of the accused, the education level or intelligence level of the accused, the lack of any advice

about his constitutional rights, the length of detention, the repeated and prolonged nature of the questioning, and the use of physical punishment.  Id.  Regardless of the above factors, "[s]ome form of government coercion is essential to a finding of involuntariness."  Lynn, 547 F. Supp 2d at 1310.  Sufficiently coercive conduct "normally involves an exhaustively long interrogation, the use of physical force, or the making of a promise to induce a confession."  Id.

At the hearing, TFO Royal testified about the custodial interview he conducted with Kahn after Kahn's arrest on January 30, 2025.  The Government tendered into evidence video footage of the interview.  Gov't's Hrg. Ex. 2.  The video shows that Kahn and TFO Royal talked for roughly six minutes before TFO Royal read Miranda rights to Kahn and presented Kahn with a Miranda waiver form to sign.  As soon as TFO Royal sat down, Defendant Kahn immediately began to speak.  During the conversation, TFO Royal did not appear to elicit any statements from Kahn, and TFO Royal testified at the hearing that he did not make any statements to Kahn intended to elicit an incriminating response.  Kahn began speaking to TFO Royal with no encouragement from TFO Royal.  The only questions that TFO Royal asked Kahn were for his date of birth, his phone number, and his employment status.  In sum, prior to Miranda warnings, Kahn spoke to TFO Royal for roughly six minutes, almost entirely unprompted.  The totality of the circumstances shows that any statements Kahn made prior to Miranda warnings being administered were entirely voluntary.

### B. Kahn Waived His Miranda Rights

Prior to any custodial interrogation, a person "must be warned that he has a right to remain silent, that any statement he does make may be used as evidence against him, and that he has a right to the presence of an attorney, either retained or appointed."  Miranda, 384 U.S. at 444.  Evidence obtained in violation of Miranda is inadmissible at trial.  United States v. Calles,

3

271 F. App'x 931, 939 (11th Cir. 2008).  While a defendant can waive those rights, such a waiver must be made "voluntarily, knowingly and intelligently."  Miranda, 384 U.S. at 444.  It is the government's burden to show the defendant's relinquishment of the rights was a free choice with no police coercion and the defendant had full awareness of the nature of the right being abandoned and the consequences of the decision to abandon it.  United States v. Becker, 762 F. App'x 668, 672 (11th Cir. 2019).  Waiver of Miranda rights can take many forms, from an express, signed waiver to an implied waiver of rights based on the actions and words of the person being questioned.  United States v. Boon San Chong, 829 F.2d 1572, 1574 (11th Cir. 1987).

The video of TFO Royal's interview of Kahn clearly shows TFO Royal reading all the requisite Miranda warnings to Kahn and Kahn signing a waiver form.  Gov't's Hrg. Ex. 2.  The Government produced the form as evidence.  The form clearly explains each of Kahn's rights under Miranda and states: "I have read this statement of my rights and I understand what my rights are.  At this time, I am willing to answer questions without a lawyer present."  Doc. 702-2.  The form clearly shows Kahn's signature, and Kahn does not dispute that he signed the form.  The Government, therefore, has met its burden of demonstrating that Kahn waived his rights in a way that was knowing, intelligent, and voluntary.

For these reasons, I **GRANT** Kahn's Motion for a Jackson v. Denno hearing and **RECOMMEND** that the Court find that Mr. Kahn's statements to law enforcement officers before the Miranda warning were voluntary, and Kahn validly waived his Miranda rights.

II.   **Defendant Kahn's Motion for Additional Peremptory Strikes**

Kahn moves for additional peremptory challenges under Federal Rule of Criminal Procedure 24(b).  Doc. 454.  Kahn argues that because he may be tried jointly with other co-

4

Defendants, the Court should grant him additional peremptory challenges to place him in the same position as if he were tried separately from his codefendants. Id. at 2. The Government responded, stating it had no position on the request as it concerns trial procedure. Doc. 703 at 4.

The Federal Rules of Criminal Procedure provide in a non-capital felony case the government is entitled to six peremptory challenges, and the defendants are collectively entitled to ten. Fed. R. Crim. P. 24(b)(2). The court has discretion to allow additional challenges or to allow defendants to exercise their challenges separately or jointly. Fed. R. Crim. P. 24(b). Whether to grant additional peremptory challenges in a case involving multiple defendants is a matter left to the court's discretion. See United States v. Tucker, 526 F.2d 279, 283 (5th Cir. 1976); United States v. Bentley, 503 F.2d 957, 958 (5th Cir. 1974). The district court also has discretion over whether to require multiple defendants to exercise challenges separately or jointly. See United States v. Franklin, 471 F.2d 1299, 1300 (5th Cir. 1973); United States v. Williams, 447 F.2d 894, 896–97 (5th Cir. 1971), overruled on other grounds by United States v. Archer, 733 F.2d 354 (5th Cir. 1984).

At this time, Kahn has not provided compelling reasons as to why he should be granted additional peremptory challenges. Indeed, co-defendants who are tried jointly are routinely required to exercise their peremptory challenges jointly. Furthermore, trial dates have not been set in this case, and thus, it is not known if the parties will ultimately be tried jointly. Accordingly, I **DENY** Defendant Kahn's Motion Requesting Additional Peremptory Challenges. Within seven days of the trial date being set, if Defendant wishes, he can move the Court for additional peremptory challenges.

## CONCLUSION

For the above reasons, I **GRANT** Defendant Kahn's Motion for a <u>Jackson v. Denno</u> hearing and **RECOMMEND** that the Court find that Mr. Kahn's statements to law enforcement officers were voluntary.  I **DENY** Kahn's Motion for Additional Peremptory Challenges.

Any objections to this Report and Recommendation shall be filed within 14 days of today's date.  Objections shall be specific and in writing.  Any objection that the Magistrate Judge failed to address a contention raised in the Complaint must be included.  Failure to file timely, written objections will bar any later challenge or review of the Magistrate Judge's factual findings and legal conclusions.  28 U.S.C. § 636(b)(1)(C); <u>Harrigan v. Metro Dade Police Dep't Station #4</u>, 977 F.3d 1185, 1192–93 (11th Cir. 2020).  To be clear, a party waives all rights to challenge the Magistrate Judge's factual findings and legal conclusions on appeal by failing to file timely, written objections.  <u>Harrigan</u>, 977 F.3d at 1192–93; 11th Cir. R. 3-1.  A copy of the objections must be served upon all other parties to the action.

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge.  Objections not meeting the specificity requirement set out above will not be considered by a District Judge.  A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit.  Appeals may be made only from a final judgment entered by or at the direction of a District Judge.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 1st day of December, 2025.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA