# In the United States District Court for the Southern District of Georgia Waycross Division

UNITED STATES OF AMERICA,

v.

AARON KAHN,

    Defendant.

CASE NO.: 5:25-cr-1

## ORDER

The Magistrate Judge issued a Report and Recommendation, recommending that the Court find that Defendant Kahn's statements to law enforcement were voluntary. Dkt. No. 855. Defendant Kahn timely filed Objections to the Magistrate Judge's Report and Recommendation. Dkt. No. 873. After an independent and de novo review, the Court **CONCURS** with the Magistrate Judge's Report and Recommendation, **ADOPTS** the Report and Recommendation as the opinion of the Court, as supplemented herein, and **OVERRULES** Kahn's Objections.

## BACKGROUND

Relevant to the Motion to Suppress, the grand jury returned an indictment against 37 Defendants, including Kahn, related to a range of drug conspiracy charges. Dkt. No. 3. On January 30,

2025, Kahn was arrested and taken into custody at the Coffee County Sheriff's Office. Dkt. No. 702-1. While in custody, Defendant Kahn made several statements to Federal Bureau of Investigation Task Force Officer Jacob Royal ("TFO Royal"). Id. These statements occurred both before and after TFO Royal administered Miranda warnings.

Defendant Kahn filed a Motion for a Jackson v. Denno hearing to determine if statements he made to TFO Royal were voluntary. Dkt. No. 855. The Magistrate Judge granted the Motion and held a hearing. The Magistrate Judge issued his Report and Recommendation, concluding that statements Defendant Kahn made before Miranda warnings were voluntary. Id. at 2. The Magistrate Judge concludes as well that TFO Royal administered Miranda rights, and then Defendant Kahn properly waived those rights. Id. at 3.

Defendant Kahn objects, arguing that statements he made prior to be given Miranda warnings should be excluded because TFO Royal began interrogating him before he administered Miranda warnings.

## DISCUSSION

Defendant Kahn argues that the Magistrate Judge errs in concluding that pre-Miranda statements were voluntary. Dkt. No. 873 at 3. Kahn argues that "law enforcement began interrogating Defendant" before advising him of Miranda rights and, therefore, his statements were not voluntary. Id.

2

The Magistrate Judge explains that a lack of Miranda warnings does not automatically make a statement involuntary. Dkt. No. 855 at 2. Rather, a statement is voluntary if it is "the product of an essentially free and unconstrained choice by its maker." Id. (quoting United States v. Lynn, 574 F. Supp. 2d 1307, 1309-10 (S.D. Ga. 2008). And voluntariness is determined by the totality of the circumstances. Id. (citing Hubbard v. Haley, 317 F.3d 1245, 1252 (11th Cir. 2003)). The Magistrate Judge concludes that Defendant Kahn's pre-Miranda statements were voluntary because TFO Royal engaged in no coercive conduct, and Kahn made the statements with little to no pressure from TFO Royal. Id. at 3.

Defendant Kahn does not refute the Magistrate Judge's analysis, but states that because he made statements prior to Miranda warnings being given those statements were made during an interrogation and were therefore involuntary.[1] However, interrogation only occurs if the person in custody "'is subjected to either express questioning or its functional equivalent,' which refers to words or actions 'that the police should know are reasonably likely to elicit an incriminating response.'" United States v. Schulz, 486 F. App'x 838, 840 (11th Cir. 2012) (quoting Rhode Island v. Innis, 446 U.S. 291, 300-01 (1980)). Words or actions normally attendant to arrest and custody are excluded, and

---

[1] Kahn does not articulate any opposition to the Magistrate Judge's conclusion that his post-Miranda statements were voluntary.

3

"a defendant's volunteered statements do not implicate Miranda." Id. (citations omitted). The record here clearly demonstrates that TFO Royal made no attempt to elicit any statements from Kahn outside of basic biographical information, like his name, date of birth, phone number, and employment status (i.e., words normally attendant to arrest and custody). Gov't's Hrg. Ex. 2. In the roughly six minutes before TFO Royal gave the Miranda warnings, Kahn made a series of statements to TFO Royal entirely unprompted. Id. Therefore, the Government has met its burden to demonstrate that Defendant Kahn's pre-Miranda statements were voluntary.

## CONCLUSION

After an independent and de novo review, I **OVERRULE** Defendant's Objections and **ADOPT** the Magistrate Judge's Report and Recommendation, as supplemented herein, as the Opinion of this Court. The Court **FINDS** that Defendant Kahn's statements to law enforcement were voluntary.

**SO ORDERED**, this 29 day of December, 2025.

_____
HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA